UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BAMM OH,<br>    *Plaintiff*,<br><br>    v.<br><br>COMMISSIONER,<br>    *Defendant.* | No. 3:20-cv-1791 (VAB) |

**ORDER OF DISMISSAL**

Bamm Oh ("Plaintiff"), currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut (the "facility"), filed a Petition for Writ of Habeas Corpus *pro se*, against the Commissioner of the facility ("Defendant"). Habeas Corpus for Emergency Compassionate Release, ECF No. 1 (Nov. 20, 2020) (the "Petition"). In his Petition for Writ of Habeas Corpus, Mr. Oh requested "emergency compassionate release" from the facility due to medical ailments. *Id.* at 1. Since filing the Petition, Mr. Oh has filed two motions to dismiss this action. *See* Mot. to Quit, ECF No. 31 (Feb. 12, 2021) ("Mot. to Quit"); Mot to Dismiss, ECF No. 34 (Mar. 25, 2021) ("Mot. to Dismiss").

The motion to dismiss this case is **GRANTED**.

I.    **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts

to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Under 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody [under] the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before filing a petition for writ of habeas corpus in federal court, the petitioner must properly exhaust state court remedies. 28 U.S.C. § 2254(b)(1)(A); *accord O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). The petitioner must present the essential factual and legal bases for his federal claims to each appropriate state court, including the highest state court capable of reviewing it, to afford the state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted).

**I.      DISCUSSION**

Mr. Oh filed a Petition for Writ of "Habeas Corpus for emergency compassionate release" in this Court. *See* Petition at 1.[1] He now seeks to dismiss the case alleging: 1. he will be discharged from the facility within two weeks of the filing of the second motion to dismiss; 2. his previous motions have not been adjudicated; and 3. the case is now moot. Mot. to Dismiss at 1. While the Court grants Mr. Oh's motion to dismiss, in part because he is the plaintiff in this

---

[1] Pro se complaints "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

action, *see* Fed. R. Civ. P. 41(a)(2), the Court would have been forced to dismiss the matter on other grounds.

The Court construes Mr. Oh's request for relief as arising under 28 U.S.C. § 2254.[2] To assess whether a claim has been appropriately exhausted under 28 U.S.C. § 2254(b)(1), the Second Circuit requires the district court to conduct a two-part inquiry. First, the petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. *Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir. 2005) (citing *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997)). Second, he must have utilized all available means to secure appellate review of his claims. *Galdamez*, 394 F.3d at 74.

Mr. Oh has not mentioned exhausting his state remedies before filing his Petition here. *See O'Sullivan* 526 U.S. at 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." (citing 28 U.S.C. § 2254(b)(1))). Therefore, this case would have to be dismissed, regardless of whether Mr. Oh withdraws his Petition.

Accordingly, the motion to dismiss this Petition is **GRANTED**.

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of April, 2021.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[2] Section 2254 "permits a state prisoner to file a habeas petition 'on the ground that he is in custody in violation of the Constitution or laws . . . of the United States.'" *James v. Walsh*, 308 F.3d 162, 166-67 (2d Cir. 2002)